STATE of North Dakota ex rel. Allen I. OLSON, in his capacity as Attorney General of the State of North Dakota, Petitioner,

v.

Benny GRAFF, Presiding Judge, South Central Judicial District; and Gerald Glaser, Judge, South Central Judicial District, Respondents.

Civ. No. 9688.

Supreme Court of North Dakota.

Dec. 20, 1979.

Allen I. Olson, Atty. Gen., and Murray G. Sagsveen, Sol., Bismarck, for petitioner; argued by Murray G. Sagsveen, Sol., Bismarck.

Respondents were not represented by brief or on oral argument.

Zuger & Bucklin, Bismarck, appeared amicus curiae; argued by William P. Zuger, Bismarck.

PEDERSON, Acting Chief Justice.

Judges Graff and Glaser declared Chapter 32–29.1, NDCC, (Arbitration of Medical Malpractice Claims) to be unconstitutional. The required medical review panel was therefore bypassed, and a medical malpractice action was initiated in the South Central Judicial District. Allen Olson, Attorney General, asserts that the district court is without jurisdiction to hear the case and requests this court to assume original jurisdiction and issue a writ of certiorari. We decline to accept jurisdiction. The writ is quashed.

Michael and Cheryl Weidner applied for establishment of a medical review panel according to the provisions of Chapter 32–29.1, NDCC,[1] to review allegations of malpractice against the Bismarck Hospital and Drs. VanNice and Buckingham in connection with the death of their baby. Chapter 32–29.1 provides that review by such panel is a condition precedent to commencing an action in district court.[2]

Judge Glaser advised the Weidners that the medical review panel procedure had been ruled unconstitutional by Judge Graff and himself in two earlier cases.[3] The following day, Drs. VanNice and Buckingham filed a motion with the district court seeking a permanent injunction against the enforcement of Chapter 32–29.1, NDCC, and seeking dismissal of further proceedings before the medical review panel. Notice of this motion was served upon the attorney general as required by Section 32–23–11, NDCC, but he did not enter an appearance.

Judge Glaser granted the motion dismissing proceedings before the medical review panel on the ground that Chapter 32–29.1 was unconstitutional. The medical review panel was therefore bypassed and the Weidners served a complaint upon Bismarck Hospital, Dr. VanNice and Dr. Buckingham to have the case heard directly in district court.

The attorney general initiated this proceeding in the Supreme Court to have an original writ of certiorari, or any other appropriate writ, issue to prevent the district court from considering the complaint and to have Chapter 32–29.1 declared constitutional.

Neither of the original parties to the suit in district court—the plaintiff Weidners nor defendant hospital and doctors—is named as parties to this proceeding, although the doctors did submit briefs and participated in oral argument as amicus curiae. The named defendants, Judges Graff and Glaser, did not submit briefs nor participate in oral argument. They advised the court they neither supported nor opposed the application, and asserted they were not the appropriate parties for the determination of the issue. Thus, we are confronted with a situation where the original parties to a suit did not object to the action of the district court in declaring a statute unconstitutional and accepting jurisdiction, but the attorney general, on his own motion on behalf of the State, initiated this proceeding to prevent the district court from hearing the case. This is not a case where the attorney general merely attempted to intervene in a civil suit of a private nature.

1. Section 32–29.1–03. "Application for review. Any person with a claim against a health care provider based upon alleged professional negligence shall apply to the judge of any court which may have jurisdiction over the claim to establish a panel according to the provisions of this chapter. . . ."

2. Section 32–29.1–01. ". . . No action against a health care provider based upon alleged professional negligence shall be commenced in any court in this state until the claimant shall file a certificate of review with the court. . . ."

3. *Finch v. Shaw*, Civil No. 10791, *VanVleet v. Pfeifle, et al.*, Civil No. 27430.

Due to these unusual circumstances, we must first determine whether or not this court should take jurisdiction over the matter. The threshold question is whether or not the attorney general had the authority to initiate this suit.

■ The attorney general asserts that his authority to do so can be found in Section 32–23–11, NDCC. This section provides as follows:

"32–23–11. Parties.—When declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration shall be made parties, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state also shall be served with a copy of the proceeding and shall be entitled to be heard.*" [Emphasis added.]

The fact that this statute provides that the attorney general shall be entitled to notice does not mean that he shall be entitled to be made a party to the proceedings, nor given some special authority to initiate litigation under it. In *Ralston Purina Company v. Hagemeister*, 188 N.W.2d 405 (N.D. 1971), the defendant asserted that since the constitutionality of a statute was in question and declaratory relief was sought, the State was a necessary party under Section 32–23–11, NDCC. The court disagreed:

"We base this holding on the provision in the law which states that if the validity of a municipal ordinance or franchise is being questioned, the municipality shall be made a party, but which does not provide that the State shall be made a party if a State law is challenged." 188 N.W.2d at 408.

This statute provides the attorney general with notice and a right to be heard, nothing more.

■ The attorney general next asserts that Section 54–12–01(1), NDCC, provides him with the authority to initiate this suit. Section 54–12–01(1) states that the attorney general shall "Appear for and represent the state before the supreme court in all cases in which the state is interested as a party." "Interested" is not synonymous with "concerned." In *Farmers Insurance Exchange v. Nagle*, 190 N.W.2d 758 (N.D.1971), the attorney general was permitted to appeal a case even though not named as a party in the lower court. However, in *Farmers Exchange*, the State would have become exposed to liability under the Unsatisfied Judgment Fund if the policy in question were found to be valid. Consequently, this possible liability made the State an interested party and gave the attorney general the authority to prosecute the appeal under Section 54–12–01(1). In the instant case, the attorney general may be concerned that a statute is not being complied with, but this does not make him an interested party to the proceedings.

Case law from other states shows a similar questioning of the attorney general's authority to become involved in private suits. See, e. g., *In Re Estate of Sharp*, 63 Wis.2d 254, 217 N.W.2d 258 (1974).

The Illinois Supreme Court held that the attorney general is not empowered to represent the state when it did not have a direct and substantial interest in the litigation. *People v. Marquette Nat. Fire Ins. Co.*, 351 Ill. 516, 184 N.E. 800 (1933).

"The state is not directly interested in a lawsuit where its only concern is to see that its citizens are protected in their rights, though such rights may have been provided by laws enacted under the police power, . . . ." 184 N.E. at 803.

■ The instant case involves a suit for malpractice between the parents of a deceased child and the child's doctors. This is a suit of a purely private nature. When Judge Glaser dismissed the Weidners' request for an establishment of a medical review panel, the Weidners could have appealed this decision, or could have sought a writ of mandamus to compel him to estab-

lish the panel.[4] They were the appropriate parties to challenge the district court's decision, not the attorney general. We find no authority for the attorney general to initiate this suit. Accordingly, the writ is quashed. The record in *Weidner v. Bismarck Hospital, et al.*, Civil No. 28263, will be returned to district court for further proceedings.

 We appreciate the attorney general's concern over the action of the district court judges. The parties to a medical malpractice action have no power to bypass the panel by simply agreeing to go directly into district court. Section 32–29.1–01, NDCC, requires that a certificate of review be filed before an action can be commenced in the district court. Consequently, the district court would not have subject matter jurisdiction over the case until this statute was complied with. Section 92 of Article IV of the North Dakota Constitution provides that: "The district court shall have original jurisdiction of all causes, *except as otherwise provided by law*, . . ." [Emphasis added.] Subject matter jurisdiction cannot be waived. Rule 12(h), NDRCivP.

Chapter 32–29.1, NDCC, which prescribes the medical review panel procedure, is presumed to be constitutional. Section 1–02–38, NDCC. Until its constitutionality, or any part thereof, is questioned by a party entitled to do so, the courts must conform to its provisions.

The writ heretofore issued is in all matters quashed. No costs will be allowed in these original proceedings.

VANDE WALLE, SAND and PAULSON, JJ., and EUGENE A. BURDICK, Supreme Court Commissioner, concur.

Chief Justice ERICKSTAD, deeming himself disqualified, did not participate. Supreme Court Commissioner EUGENE A. BURDICK sat in his stead.

---

4. A situation may also develop where the case would be heard in district court and then the losing party would turn around and raise the issue of the district court's subject matter jurisdiction to hear the case on appeal to this court. Whether or not an unsuccessful litigant may be estopped from raising the jurisdictional issue on appeal has not been considered in this case.