**Blair BOEDECKER, Plaintiff and Appellant,**

v.

**ST. ALEXIUS HOSPITAL and Roger F. Kennedy, Defendants and Appellees.**

Civ. No. 9767.

Supreme Court of North Dakota.

Oct. 30, 1980.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Charles L. Chapman, Bismarck.

Robert J. Slorby, Minot, for defendant and appellee St. Alexius Hospital.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and appellee Roger F. Kennedy; argued by William A. Strutz, Bismarck.

Rick D. Johnson, Asst. Atty. Gen., amicus curiae.

PEDERSON, Acting Chief Justice.

Claiming that St. Alexius Hospital and Dr. Kennedy were negligent in the diagnosis, care, and treatment of his ailment, Boedecker applied ex parte to the district court for the establishment of a medical review panel (Chapter 32–29.1, NDCC). The district court, apparently without being urged by anyone, issued an order dismissing the application "because ... Chapter 32–29.1 ... is unconstitutional."

## PROCEDURAL POSTURE

■ This appeal was taken by Boedecker from the "decision of the district court." Our first inquiry involves the appealability of the "decision" or order under the provisions of § 28–27–02, NDCC. The statute (§ 32–29.1–01, NDCC) clearly provides that no action can be commenced against a health–care provider based upon alleged professional negligence until the claimant has filed a certificate of review with the court. Without a panel, there can be no certificate. Without a certificate, no action can be commenced. Syllogistic reasoning confirms that no action is pending here. Appeals are allowed from decisions of lower courts to the supreme court only as provided by law (§ 90, North Dakota Constitution). The order dismissing the application is not appealable under § 28–27–02, or any other statute called to our attention.

Furthermore, § 28–27–02(7) specifically provides that "an order made by the district court or judge thereof without notice is not appealable ...."

Counsel correctly points out that in *State ex rel. Olson v. Graff*, 287 N.W.2d 87, 89 (N.D.1979), we said:

"When Judge Glaser dismissed the Weidners' request for an establishment of a medical review panel, the Weidners could have appealed this decision, ...."

Gratuitous remarks should not be made in opinions by this court. They are dicta and, when they creep in, they deserve to be ignored.

It is argued also that *City of Bismarck v. Materi*, 177 N.W.2d 530 (N.D.1970), provides precedent for us to accept jurisdiction of this matter as an "appeal."

"Under Section 89 [§ 88 of the North Dakota Constitution as amended in 1976] of our State Constitution only upon agreement of four of the five judges of

our State Supreme Court may a statute enacted by our legislature be struck down as unconstitutional. Would it not grossly offend the spirit of that section of our Constitution to permit one district court judge to have the final say on the constitutionality of a city ordinance which is supposed to have the effect of law? We think so. This is not to say that a district court may not pass on the constitutionality of an ordinance, but it is to say that that decision may not be the last word. In other words, it appears to us that appeal must lie when properly taken from a decision of a district court holding a city ordinance unconstitutional, or Section 89 of our State Constitution would be thwarted. Accordingly, we so hold." 177 N.W.2d at 537.

In *City of Bismarck v. Materi*, when the district court ruled that the statute involved was unconstitutional and, in effect, quashed the criminal complaint against Materi, an action was pending before the court. Our more recent decisions have pointed out that the dismissal of a criminal complaint or information is equivalent to quashing and is appealable under § 29 28 07(1), NDCC. See *State v. Hanson*, 252 N.W.2d 872 (N.D.1977). See also *Reub's Minot Camera, Inc. v. General Elec. Cr. Corp.*, 201 N.W.2d 877 (N.D.1972). Thus, the instant case is distinguishable from *Materi*.

■ Because there has been no trial on this matter and, so far as the record shows, no adversarial hearing, we can only rely on counsel to provide the factual background upon which the trial court's decision was based. No party raised the issue of the constitutionality of Chapter 32–29.1, NDCC, at the trial court level, and no party to this appeal has a genuine interest at stake in the outcome. As Boedecker concedes in his appellant's brief:

"Since the undersigned must admit quite candidly to an inclination to simply abide by the ruling of Judge Schneider and to proceed to legal recourse on this matter without the necessity of the medical review panel, appellant must admit to

a lack of deeply imbedded convictions in favor of the constitutionality of the statute."

It is well settled that this court does not and cannot render advisory opinions. *Peoples State Bank v. State Bank of Towner*, 258 N.W.2d 144 (N.D.1977); *State v. McCarthy*, 53 N.D. 609, 207 N.W. 436 (1926). Therefore, we decline to reach the merits of this uncontested, non–adversarial request for a determination of the constitutionality of Chapter 32–29.1, NDCC.

■ The district court declared Chapter 32–29.1, NDCC, unconstitutional even though no person affected by that statute had questioned its constitutionality. In the past, two other district court judges have also declared Chapter 32–29.1, NDCC, unconstitutional without the benefit of adversarial proceedings. *State ex rel. Olson v. Graff, supra*. In view of the foregoing, we deem it necessary, in order to prevent a distortion of justice and the frustration of a legislative mandate, to treat Boedecker's "appeal" as a request for us to exercise our original jurisdiction and our authority to supervise the trial courts. However, we consider this "appeal" for the limited purpose of directing the district court to comply with the provisions of Chapter 32–29.1, NDCC.

In the *Graff* case, because two district court judges had declared Chapter 32–29.1, NDCC, to be unconstitutional, the required medical review panel, therefore, was bypassed and a medical malpractice action was instituted in the district court. Thereafter, the attorney general requested this court to assume original jurisdiction and to declare that the district court was without jurisdiction to hear the malpractice action before it because the medical review panel had not been established, as required by Chapter 32–29.1, NDCC. We refused to accept jurisdiction because the attorney general was not an appropriate party to challenge the district court's decision declaring Chapter 32–29.1, NDCC, unconstitutional. However, in *Graff* we issued a clear mandate for the district courts to comply with Chapter 32–29.1, NDCC:

"Section 32–29.1–01, NDCC, requires that a certificate of review be filed before an action can be commenced in the district court. Consequently, the district court would not have subject matter jurisdiction over the case until this statute was complied with. . . .

"Chapter 32–29.1, NDCC, which prescribes the medical review panel procedure, is presumed to be constitutional. Section 1–02–38, NDCC. Until its constitutionality, or any part thereof, is questioned by a party entitled to do so, the courts must conform to its provisions." 287 N.W.2d at 90.

We reiterate. Unless and until a party aggrieved by the application of the statute, or any part thereof, raises the issue of its constitutionality in an actual, litigated controversy before the court, the district court must abide by its provisions and establish a medical review panel upon application to do so.

The appeal is dismissed.

We remand with directions that Judge Schneider, Judge of the Burleigh County District Court, comply with Boedecker's application for the establishment of a medical review panel under Chapter 32 -39.1, NDCC. No costs will be allowed.

PAULSON, SAND and VANDE WALLE, JJ., and EUGENE A. BURDICK, Supreme Court Commissioner, concur.

BURDICK, Supreme Court Commissioner, sitting in place of ERICKSTAD, J., disqualified.