Marva D. NESS, individually and as parent and next friend of Leann Marie Ness, Andrew Philip Ness and William Ryann Ness, minor children, and the North Dakota Workmen's Compensation Bureau, Plaintiffs/Appellants,

v.

ST. ALOISIUS HOSPITAL, a corporation, Sister Corinne Yepson, Dr. L. E. Boyum and Dr. R. Pierce, Defendants/Appellees.

Civ. No. 9821–A.

Supreme Court of North Dakota.

Jan. 29, 1981.

As Amended April 15, 1981.

Wheeler, Wolf, Wefald, Peterson & McDonald, Bismarck, for plaintiffs and appellants; argued by David L. Peterson and Albert A. Wolf, Bismarck.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendants and appellees St. Aloisius Hospital and Sister Corinne Yepson; argued by H. Patrick Weir, Fargo.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and appellee Dr. L. E. Boyum; argued by William A. Strutz, Bismarck.

Zuger & Bucklin, Bismarck, for defendant and appellee Dr. R. Pierce; argued by William P. Zuger, Bismarck.

PAULSON, Justice.

Marva D. Ness ["Mrs. Ness"] and the North Dakota Workmen's Compensation Bureau [the "Bureau"] appeal from a summary judgment of dismissal of the complaint entered by the District Court of Wells County on June 19, 1980, because the district court determined that Mrs. Ness's action against the defendants and appellees St. Aloisius Hospital ["the Hospital"], Sister Corinne Yepson ["Sister Corinne"], Dr. L. E. Boyum ["Dr. Boyum"], and Dr. Robert B. Pierce ["Dr. Pierce"] was barred by the statute of limitations under § 28–01–18(4) of the North Dakota Century Code. We affirm.

Mrs. Ness is the widow of Leroy A. Ness, who was admitted on August 16, 1977, to St. Aloisius Hospital in Harvey for surgery. Sister Corinne, a nurse-anesthetist employed by the Hospital, and Drs. Boyum and Pierce were preparing Mr. Ness for the surgery when difficulties ensued in the administration of anesthesia. Leroy A. Ness died on August 18, 1977, and the autopsy report indicated that he died from cerebral anoxia. The autopsy results were received by the Bureau on September 8, 1977. On December 9, 1977, the Bureau sent a letter to Mrs. Ness which indicated that Mrs. Ness had a legal right to sue certain parties if they were responsible for the death of Mr. Ness. In November of 1979 the Bureau, pursuant to § 65–01–09, N.D.C.C., contacted an attorney and requested that he commence an action for medical malpractice against the Hospital, Sister Corinne, Dr. Boyum, and Dr. Pierce.

On November 19, 1979, the attorney for Mrs. Ness, the surviving children of Leroy A. Ness, and the Bureau made an application for the establishment of a medical malpractice review panel under the provisions of Chapter 32–29.1, N.D.C.C., and served the application on all of the defendants except Dr. Pierce. The district court judge to whom the application for the panel was submitted advised that he considered the medical review panel statute unconstitutional and he did not convene a medical review panel. Mrs. Ness initiated this action on December 14, 1979, by issuing a summons and complaint which charged the defendants and appellees with negligence in their care and treatment of Leroy A. Ness. Service of the summons and complaint was made on Dr. Boyum on January 3, 1980, Dr. Pierce on February 9, 1980, the Hospital on February 25, 1980, and Sister Corinne on February 27, 1980. Dr. Pierce submitted his answer to the allegations made in Mrs. Ness's complaint on February 21, 1980. In his answer, Dr. Pierce alleged that Mrs. Ness's action was barred by the statute of limitations applicable to wrongful death actions under § 28–01–18, N.D.C.C. On January 30, 1980, the Hospital submitted its answer which raised as an affirmative defense the statute of limitations. The attorney for Sister Corinne stipulated that the answer interposed on behalf of the Hospital also applied to Sister Corinne. Dr. Boyum also asserted in his answer that Mrs. Ness's action was barred by the statute of limitations.

On March 10, 1980, the North Dakota Attorney General's office notified the parties that a medical review panel must be established for Mrs. Ness's claim. On April 27, 1980, Mrs. Ness submitted a motion to strike the allegations of the statute of limitations' bar to Mrs. Ness's action found in the answers of Drs. Pierce and Boyum, and the affirmative defense contained in the answer of the Hospital and adopted by stip-

ulation as the answer of Sister Corinne. The motion was heard on May 16, 1980; and on June 19, 1980, the district court denied the motion to strike and ruled that § 28–01–18(4), N.D.C.C., was an effective bar to all claims made by Mrs. Ness against the defendants and appellees. The trial court also ruled that the claims of the surviving children of Leroy A. Ness were not barred by the statute of limitations. On August 27, 1980, Mrs. Ness and the Bureau appealed from the summary judgment of dismissal issued by the district court. The Bureau has transferred the action to a different attorney and Mrs. Ness has indicated that she has retained the attorney who initiated the action as her attorney.

Three issues are presented for our consideration. The issues are as follows:

1. Whether or not the Workmen's Compensation Bureau has standing to appeal the district court's ruling in light of the fact that Mrs. Ness has not agreed to be represented by a different attorney.

2. Whether or not the medical review panel procedure authorized by Chapter 32–29.1, N.D.C.C. is unconstitutional.

3. Whether or not the district court committed error when it issued the summary judgment of dismissal of the action of Mrs. Ness and the Bureau.

I

■ The first issue concerns whether or not the Bureau has standing to appeal the district court's ruling in light of the fact that Mrs. Ness has not agreed to be represented by the attorney who now represents the Bureau. Dr. Boyum contends that Mrs. Ness has not appealed from the district court's ruling and that the Bureau is solely responsible for the appeal. Under § 65–01–09, N.D.C.C., the Bureau may bring an action in its own name and as trustee for the injured employee or his dependents and the Bureau retains its subrogation interest. The Bureau's right to bring the action still exists if the injured employee or his de-

pendents do not institute suit within sixty days after the date of the injury, and the Bureau may exercise that right within the applicable statute of limitations. Dr. Boyum contends that the Bureau has not met this requirement because it merely informed Mrs. Ness that a cause of action might exist and did not institute the action on its own accord. We disagree with Dr. Boyum's contention because the action was instituted on behalf of both Mrs. Ness and the Bureau, after the sixty-day period had run, by an attorney initially chosen by the Bureau and later chosen by Mrs. Ness to represent the parties. Thus, the Bureau and Mrs. Ness had mutual rights to institute the action after the initial sixty-day period had transpired and the Bureau has standing to pursue this appeal. The notice of appeal specifies that Mrs. Ness and the Bureau have appealed from the district court's decision; therefore, we will assume that both Mrs. Ness and the Bureau are parties to this appeal.

II

■ The second issue raised by the parties concerns whether or not the medical review panel procedure authorized by Chapter 32–29.1, N.D.C.C., is unconstitutional. Section 32–29.1–01, N.D.C.C., provides that no action against a health care provider based upon alleged professional negligence shall be commenced in any court in this State until the claimant files a certificate of review with the court. Although a certificate of review was filed in this case, the district court judge to whom the application was submitted advised that the provisions of Chapter 32–29.1 were unconstitutional and no medical review panel was convened. Our decisions in *Boedecker v. St. Alexius Hospital*, 298 N.W.2d 372 (N.D.1980); and *State ex rel. Olson v. Graff*, 287 N.W.2d 87 (N.D.1979), reveal that this issue is not properly presented for our review in the instant case. The district court ruled, on July 7, 1980, that Chapter 32–29.1, N.D.C.C., was unconstitutional; however, the defendants either agreed that such chapter was unconstitutional, or they did not oppose the

motion to have the statute declared unconstitutional. No appeal could have been taken from the July 7, 1980, decision of the district court in this case, because the decision was not appealable.

■ As we noted in *State ex rel. Olson v. Graff, supra,* the parties to a medical malpractice action have no power to bypass the panel by simply agreeing to go directly into district court. Section 32–29.1–01, N.D.C.C. requires that a certificate of review must be filed by a claimant before an action based upon professional negligence may be commenced in any court in this State. This requirement is a necessary incident to the district court's exercise of subject matter jurisdiction under Article IV, § 92 of the North Dakota Constitution. Because the provisions of Chapter 32–29.1, N.D.C.C., were not complied with by the district court, subject matter jurisdiction in the district court with reference to this particular issue does not exist. Subject matter jurisdiction cannot be waived. Rule 12(h) of the North Dakota Rules of Civil Procedure. Consequently, our review of the issue is foreclosed because the proper procedure by which to initiate actions based upon professional negligence has not been met. The parties have urged this court to exercise original jurisdiction over this matter pursuant to Article IV, § 86 of the North Dakota Constitution; however, the parties have not delineated reasons for the exercise of original jurisdiction by this court. Our authority to exercise original jurisdiction is discretionary. The parties have not sufficiently specified the reasons for the exercise of original jurisdiction, and the procedural requirements for the exercise of original jurisdiction have not been complied with; therefore, we decline to exercise original jurisdiction. *See Malony v. Cass County Court of Increased Jurisdiction,* 301 N.W.2d 112 (N.D.1980); *Olson v. North Dakota Dist. Court, etc.,* 264 N.W.2d 453 (N.D.1978).

### III

■ The final issue concerns whether or not the district court committed error when it issued the summary judgment of dismissal of Mrs. Ness's action on the basis that the statute of limitations, § 28–01–18(4), N.D. C.C., barred Mrs. Ness's action. Rule 56(c), N.D.R.Civ.P., states that a party who moves for summary judgment has the burden of clearly showing that there is no genuine issue as to any material fact. On appeal from a summary judgment, the evidence must be viewed in the light most favorable to the party against whom the summary judgment was granted. Summary judgment is not appropriate if the moving party is not entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Benson County Cooperative Credit Union v. Central Livestock Assn., Inc.,* 300 N.W.2d 236 (N.D.1980); *Helbling v. Helbling,* 267 N.W.2d 559 (N.D.1978).

The service of the demand for the medical review panel was made on November 19, 1979, except as to Dr. Pierce, who contends that he was not served with an application for the establishment of the panel. Under § 32–29.1–03, N.D.C.C., the filing of an application to establish a medical review panel tolls the applicable statute of limitations to and including a period of ninety days following the issuance of a report by the panel. A copy of the application must be sent by certified mail to each potential party named in the application. The statute does not specify a time period within which the application must be sent to each potential party.

In *Hubbard v. Libi,* 229 N.W.2d 82 (N.D. 1975), the court held that the cause of action for wrongful death caused by medical malpractice accrues at the time of death of the party injured. We established in *Sheets v. Graco, Inc.,* 292 N.W.2d 63 (N.D.1980), that subsection 4 of § 28–01–18, N.D.C.C., is the applicable limitation provision in wrongful death actions. Mrs. Ness contends that *Hubbard, supra,* can be distinguished because subsection 3 of § 28–01–18, N.D.C.C., was amended after the decision in *Hubbard* was rendered. The amendment to subsection 3 of § 28–01–18, N.D.C.C., also provides for the application of the "discovery rule" in malpractice actions. *See*

*Iverson v. Lancaster*, 158 N.W.2d 507 (N.D. 1968). On the basis that the amendment was enacted after the decision in *Hubbard, supra*, was rendered, Mrs. Ness contends that § 28–01–18(3), N.D.C.C., extends to cases in which death occurs as a result of malpractice because the discovery rule is now contained in subsection 3 of such section. Mrs. Ness attempts to distinguish *Sheets v. Graco, supra*, because the applicability of § 28–01–18(3), N.D.C.C., was not at issue in that case. Mrs. Ness relies upon language found in *Adams v. Little Missouri Minerals Assn.*, 143 N.W.2d 659 (N.D.1966); and *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D.1973) for the proposition that if a question arises as to which statute of limitation applies in a case, the longer term applies in that case. On the basis of this argument by Mrs. Ness, subsection 3 rather than subsection 4 of § 28–01–18, N.D.C.C., would be applicable to this case. Section 28–01–18, N.D.C.C., provides, in pertinent part:

"*28–01–18. Actions having two-year limitations.* The following actions must be commenced within two years after the cause of action has accrued:

.        .        .        .        .

"3. An action for the recovery of damages resulting from malpractice, provided, however, that the limitation of an action against a physician or licensed hospital will not be extended beyond six years of the act or omission of alleged malpractice by a nondiscovery thereof unless discovery was prevented by the fraudulent conduct of the physician or licensed hospital. . . .

"4. An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured.

"5. . . ."

■ We disagree with Mrs. Ness's contentions because in *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D.1980), we established that the limitation provision applicable to wrongful death actions was subsection 4 of § 28–01–18, N.D.C.C. Mrs. Ness's action is a wrongful death action based upon medical malpractice. A wrongful death action, like a survival action, is dependent upon the injuries sustained by the deceased, and ensues from the injuries which caused his death. However, a wrongful death action is an entirely new cause of action for the benefit of persons close in relationship to the deceased who have suffered injury as a result of the wrongful death while a survival action permits recovery by the representatives of the deceased for damages the deceased could have recovered if he had lived. By examining the provisions of the complaint of Mrs. Ness and the Bureau, it is apparent that the action is a wrongful death action. The complaint provides, in pertinent part:

"By reason of the wrongful death of the decedent, proximately caused by the negligence of the defendants, the plaintiffs were damaged . . . ."

In addition, damages recoverable in survival actions include conscious pain and suffering. These damages are clearly not applicable here. *See* S. Speiser, Recovery for Wrongful Death 2d, § 14.6 (1975). Thus, Mrs. Ness's cause of action is a wrongful death action based upon medical malpractice.

■ *Sprecher v. Magstadt, supra*, and *Adams v. Little Missouri Minerals Assn., supra*, are not applicable here because no doubt exists as to which limitations provision applies to wrongful death actions on the basis of our decisions in *Sheets v. Graco, supra*, and *Hubbard v. Libi*, 229 N.W.2d 82 (N.D.1975). The discovery rule is not applicable in wrongful death actions. *See Hubbard v. Libi, supra*. Since our decision was rendered in *Hubbard, supra*, the legislature has had two separate occasions to implement a new limitations provision for wrongful death actions but has chosen not to do so, and our decisions both in *Hubbard v. Libi, supra*; and in *Sheets v. Graco, supra*, have established that subsection 4 of § 28–01–18, N.D.C.C., is applicable here. Mr. Ness died on August 18, 1977, and the limitations period began on that day. Mrs.

Ness's cause of action was barred on August 18, 1979. Mrs. Ness was made aware, as early as December 9, 1977, of her rights to bring a cause of action when the Bureau sent her a letter informing her of her rights. Mrs. Ness and the Bureau chose not to initiate this action until December 14, 1979, when the statute of limitations barred her cause of action. Similarly, Mrs. Ness cannot avail herself of § 32–29.1–03, N.D. C.C., which provides that the applicable statute of limitations is tolled when an application to establish a medical review panel is filed. The application in the instant case was made on November 19, 1979, which is after the statute of limitations period had applied. Thus, no genuine issue as to any material fact remains for the district court's consideration and the summary judgment of dismissal was properly granted.

For reasons stated in this opinion, the judgment of the district court is affirmed.

PEDERSON, Acting C. J., VANDE WALLE, J., and HEEN, District Judge, concur.

HEEN, District Judge, sitting in place of ERICKSTAD, C. J., disqualified.

SAND, Justice (special concurrence and dissent).

I concur with most of the principles of law set forth in the majority opinion authored by Justice Paulson. However, based on the principles of law relied upon in my dissent in *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D.1980), I dissent from the principles of law and conclusions reached in the majority opinion regarding the application of the statutes of limitations to wrongful death actions. In my opinion, the rule of law set out in my dissent in *Sheets v. Graco* is proper and should apply.