**2017 ND 23**

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael Jonathan COX, Defendant and Appellant**

**No. 20160228**

Supreme Court of North Dakota.

Filed 2/16/2017

Leah J. Viste, Assistant State's Attorney, P.O. Box 2806, Fargo, N.D. 58108–2806, for plaintiff and appellee; submitted on brief.

Russell J. Myhre, P.O. Box 475, Valley City, N.D. 58072, for defendant and appellant; submitted on brief.

Crothers, Justice.

[¶ 1] Michael Cox appeals from a criminal judgment entered after he pled guilty to assault. Cox argues his guilty plea was involuntary and the case should be remanded to the district court for a decision on his motions to withdraw his guilty plea. We affirm the judgment.

I

[¶ 2] On January 26, 2016, Cox was charged with aggravated assault, a felony. The State alleged Cox willfully caused serious bodily injury to another by striking an individual in the head with a full can of beer and breaking the individual's nose and orbital bones.

[¶ 3] At a May 3, 2016, dispositional conference Cox informed the district court that he had not received all of the discovery he requested from the State. The court advised Cox to discuss the matter with his attorney.

[¶ 4] Cox subsequently entered a plea agreement and the information was amended reducing the charge to misdemeanor assault. Cox pled guilty on May 12, 2016, and the court sentenced Cox to one hundred nine days of incarceration with credit for one hundred nine days served. The court also waived all fees. On May 12, 2016, a criminal judgment was entered. On June 9, 2016, Cox filed a notice of appeal.

[¶ 5] Cox claims he attempted three times to file a motion to withdraw his guilty plea but the motions were rejected by the clerk of court and the district court

did not determine whether he is entitled to withdraw his guilty plea. Cox's appendix includes copies of three handwritten motions to withdraw his guilty plea dated June 7, 2016; June 15, 2016; and June 16, 2016. Each purported motion contains a stamp stating, "This document does not conform to N.D.R.Ct. 3.1(b) and will not be considered by the Court unless signed by your attorney of record in this case." The stamps are dated and signed by a district court deputy clerk of court. The three motions are not included in the district court record. The court record does include the "State's Return to Defendant's Motion for Rule 11(d)(2) Relief." The district court did not adjudicate Cox's motions or address the State's return, presumably because the motions were never filed.

[¶ 6] On appeal, this Court advised Cox that the appendix contained documents not included in the record and that the nature of the action on the cover page of the brief referenced an unfiled motion to withdraw the guilty plea. This Court further advised Cox that documents not in the record would not be considered on appeal and that he should refer to N.D.R.App.P. 10(h) if he intended to have the documents included in the record and the motion filed in the district court. Cox did not move to correct or supplement the record, and Cox's attorney did not file a motion to withdraw the guilty plea.

## II

[¶ 7] Cox argues he did not receive all of the discovery he requested and he could not make a knowing, intelligent and voluntary guilty plea without viewing all of the relevant information. Cox requests this Court remand his case for the district court to determine whether he is entitled to withdraw his plea.

[¶ 8] Cox's motions to withdraw his guilty plea were not filed and are not included in the record. No motions are pending. Any arguments related to withdrawing the guilty plea are raised for the first time on appeal. This Court does not address issues raised for the first time on appeal. State v. Chatman, 2015 ND 296, ¶ 22, 872 N.W.2d 595.

[¶ 9] We further note that Cox was represented by counsel when his motions were submitted to the district court for filing. Under N.D.R.Ct. 3.1(b) the motions were required to be signed by his counsel of record. The clerks of court followed N.D.R.Ct. 3.1(j) in not filing the motions. ("Documents and pleadings that do not conform to this rule may not be filed."). Therefore, no error exists upon which we can reverse and remand this matter for adjudication of Cox's non-existent motion to withdraw his guilty plea.

## III

[¶ 10] Cox appealed from the criminal judgment, but he has not raised any issues related to the criminal judgment on appeal. Rather, Cox only requests that this case be remanded to the district court to determine whether he should be allowed to withdraw his guilty plea. Because the district court neither filed nor ruled on those motions, we affirm the criminal judgment.

[¶ 11] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 12] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

McEvers, Justice, concurring specially.

[¶ 13] I agree with and have signed with the majority opinion. I write separately to point out that perhaps our rules or administrative processes should provide more flexibility in receiving records from prisoners, even if they are not properly "filed" with the court.

[¶ 14] Cox has asked this Court to remand to the district court to consider his motions to withdraw his plea. However, the only way for this Court to grant the relief requested is to exercise our authority to supervise and remand to the district court.

[¶ 15] "[T]o prevent a distortion of justice," we have treated an "[attempted appeal] as a request for us to exercise our original jurisdiction and our authority to supervise the [district] courts." Boedecker v. St. Alexius Hospital, 298 N.W.2d 372, 374 (N.D. 1980). Under N.D. Const. art. VI, § 2 and N.D.C.C. § 27–02–04, this Court has authority to issue supervisory writs. Forum Commc'ns Co. v. Paulson, 2008 ND 140, ¶ 8, 752 N.W.2d 177. Our authority to issue supervisory writs is discretionary and we exercise our original jurisdiction to issue remedial writs on a case-by-case basis, considering the circumstances of each case. Forum, at ¶ 8. "We have recognized that a supervisory writ is to be used 'with caution and forbearance for the furtherance of justice, and to secure order and regularity in judicial proceedings when none of the ordinary remedies provided by law are adequate.'" Spence v. North Dakota District Court, 292 N.W.2d 53, 58 (N.D. 1980) (quoting Olson v. N.D. Dist. Ct., 271 N.W.2d 574, 578 (N.D. 1978) (emphasis omitted)).

[¶ 16] It is not necessary for this Court to exercise its supervisory authority, because Cox has an ordinary and adequate remedy available. It appears Cox was attempting to withdraw his guilty plea after the court imposed sentence under N.D.R.Crim.P. 11(d)(2), which allows withdrawal only when necessary to correct a manifest injustice. Cox can either request his attorney file the motion to withdraw or, in the alternative, he can dismiss his attorney and file the motion himself. His burden of proof remains the same. Cox found himself in this situation by not utilizing the services of his attorney. Instead, Cox attempted to file three handwritten motions to withdraw his guilty plea. The three motions are not included in the record, but Cox included copies in his appendix on appeal. The motions are dated June 7, 2016; June 15, 2016; and June 16, 2016; each are titled "Motion to Withdraw Plea" and each indicate in different language that Cox seeks to withdraw his guilty plea. Each motion contains a stamp stating, "This document does not conform to N.D.R.Ct. 3.1(b) and will not be considered by the Court unless signed by your attorney of record in this case." The stamps are dated and signed by a deputy district court clerk.

[¶ 17] North Dakota Rule of Court 3.1(b) provides:

(b) Signature. All pleadings and other documents of a party represented by an attorney must be signed by at least one attorney of record in the attorney's individual name and contain the attorney's address, telephone number, e-mail address for electronic service, and State Board of Law Examiners identification number. All pleadings and other documents of a party who is not represented by an attorney must be signed by the party and contain the party's address and telephone number.

[¶ 18] Cox was represented by counsel when he attempted to file his motions to withdraw his guilty plea. When Cox submitted his first motion on June 7 he still was represented by trial counsel Laura

Reynolds. This is evident because Reynolds filed Cox's notice of appeal on June 10, 2016. Cox also was represented on June 15 and 16 because the record contains a "Request to assign case to appellate attorney" from the North Dakota Commission on Legal Counsel for Indigents. That form was filed with the court on June 15, 2016, and shows appellate counsel Russell Myhre was appointed to represent Cox on that same day. The form shows Cox's case was assigned from Reynolds to Myhre based on Reynold's June 13, 2016, request for substitution of counsel. Therefore, the district court clerks correctly advised Cox that N.D.R.Ct. 3.1(b) required that the motions must be signed by his counsel of record. The clerks also followed N.D.R.Ct. 3.1(j) in not filing the motions. Id. ("Documents and pleadings that do not conform to this rule may not be filed.").

[¶ 19] The problem easily could have been solved before appeal if Cox's counsel would have filed the motions. In fairness to counsel, we have no indication whether either of them knew Cox was filing the motions or if they were asked to file the motions for Cox.

[¶ 20] However, even without motions filed by counsel, the district court clerk should have made a record that the motions were submitted but rejected for filing. Without Cox's motions appearing somewhere in the record, we are unable to see and verify that the documents included in his appellate appendix were the same as the motions Cox attempted to file. Nor could we or the district court see what the State responded to on July 13, 2016.

[¶ 21] It is also noted, the stamp applied to Cox's motions did not say the motions would not be filed. The stamped text instead states the document "will not be considered by the Court unless signed by your attorney of record in this case." This text, albeit ambiguously, suggests the motions were filed but no action would be taken by a judge until the court receives properly signed documents from a lawyer.

[¶ 22] The current issue exists in part because our rules do not address the precise issue presented. Rule 3.5(a)(3), N.D.R.Ct., provides "Self-represented litigants and prisoners are exempt from the electronic filing requirement and may file paper documents in person, by mail or by third party commercial carrier." Under this rule, Cox, as a prisoner, should have been able to file the paper motion, but only if the motion was signed by Cox's attorney since he was represented. However, there may be instances when the prisoner intends to proceed unrepresented, despite what the court's record reflects. Inflexibility and any automatic process of rejecting all submissions from individuals assumed to be represented by counsel risks running afoul of a criminal defendant's constitutional right to self-representation. See State v. Garge, 2012 ND 138, ¶ 15, 818 N.W.2d 718 (generally, the "corollary to a criminal defendant's constitutional right to counsel is the defendant's right to self-representation."). Such a process also could significantly interfere with our recently adopted rule permitting "unbundled" legal services when attorneys represent clients on some—but not all—legal issues or processes during a single case. See N.D.R.Civ.P. 11(e)(2)(B) (limited representation permitted with certain notices required).

[¶ 23] Here, there is nothing to preclude Cox from properly filing his motion. If Cox's motion is rejected for filing, the best practice would be for the clerk of court to make a record of that activity for potential review on appeal.

[¶ 24] Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.