BURLINGTON NORTHERN, INC. and
Arthur M. Swenson, Petitioners,

v.

NORTH DAKOTA DISTRICT COURT,
RICHLAND COUNTY, THIRD JUDI-
CIAL DISTRICT, and Donald L. Ruby,
Respondents.

Civ. No. 9446.

Supreme Court of North Dakota.

March 2, 1978.

Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, for petitioners; argued by Stephen W. Plambeck, Fargo.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for respondents; argued by Carlton J. Hunke, Fargo.

SAND, Justice.

Burlington Northern, Inc., in an original proceeding, petitioned this court to exercise its original jurisdiction and issue an order to show cause why an appropriate prerogative writ should not be issued requiring the Richland County district court to vacate paragraphs 5 and 9 of its order dated 21 December 1977, and why a stay order should not be issued in the case entitled *Donald L. Ruby v. Burlington Northern, Inc.,* and Arthur M. Swenson until the determination of the issues, or until further order of the court. An order to show cause was issued, and pursuant thereto a hearing was held on the question whether or not this court should exercise its original jurisdiction and on the merits of the case. As part of the order to show cause the requested temporary restraining order was issued.

The present proceedings arise out of an action instituted by Donald L. Ruby against Burlington Northern, Inc., and Arthur M. Swenson for personal injuries he sustained when the motor vehicle he was driving collided with a Burlington Northern train at a grade crossing in Dwight, North Dakota, on 18 September 1972.

In his discovery, Ruby employed depositions and served interrogatories upon Burlington Northern and Mr. Swenson. Burlington Northern objected to two interroga-

tories, whereupon Ruby applied to the district court and obtained an order directing Burlington Northern to answer and furnish the material requested in the two interrogatories. Burlington Northern then petitioned this court, as stated above.

Paragraphs 5 and 9 of the order issued by the district court which are contested here are as follows:

"5. Plaintiff's motion to compel defendants to answer Interrogatory No. 16 and to produce the investigation report prepared and submitted to Mr. W. E. Jones, General Manager Claims, Burlington Northern, Inc., at St. Paul, Minnesota, following the accident involved in this litigation is hereby granted.

"9. Plaintiff's motion to compel defendants to produce copies of the statements or memorandums of statements of Wesley G. Rittenhouse and Arthur M. Swenson and all of the statements or memorandums of statements referred to in defendants' Answer No. 4 to plaintiff's first set of interrogatories is hereby granted."

At the threshold we are met with two basic questions:

(1) Whether or not this court should exercise its original jurisdiction and, if so,

(2) Did the district court err in requiring Burlington Northern to answer the interrogatories and produce the information requested in paragraphs 5 and 9 of its order.

Article IV, § 86, of the North Dakota Constitution gives the North Dakota Supreme Court "original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." In addition, §§ 27–02–04, 32–34–01, and 32–35–02, North Dakota Century Code, provide further statutory authorization for supervisory writs, writs of mandamus, and writs of prohibition.

■ On numerous occasions this court has stated that its power to issue original and remedial writs, even upon a proper showing, is discretionary and that its power cannot be invoked as a matter of right but will be employed to prevent possible injustice. From this it necessarily follows that the court itself, on a case-by-case basis, will determine whether or not it should exercise its original jurisdiction. *State ex rel. Vogel v. Garaas,* 261 N.W.2d 914 (N.D.1978); *State ex rel. Foughty v. Friederich,* 108 N.W.2d 681 (N.D.1961); *State ex rel. Lyons v. Guy,* 107 N.W.2d 211 (N.D.1961).

A review of the foregoing cases clearly demonstrates that this court has considered a number of factors in determining whether or not a writ should be issued and has exercised its discretionary authority only in those matters where the ends of justice require it.

In *Ingalls v. Bakken,* 167 N.W.2d 516, 518 (N.D.1969), this court said:

"Unless the action of the trial court, which the Supreme Court is asked to supervise, is such that it will result in grave or serious prejudice to the applicant, and for which the applicant has no adequate remedy, the application for such supervisory writ will be denied."

Burlington Northern contends Ruby failed to make a proper showing as required by Rule 26(b)(3), NDRCivP, for the order, and in addition explained that once the disclosures, as directed by paragraphs 5 and 9, are made they cannot be "unmade," and that if Burlington Northern persists in refusing to produce the documents the trial court might impose sanctions, and as such Burlington Northern would suffer severe irreparable injury.

Both parties urged that this matter be quickly disposed of so that the case may be tried at its appointed time.

■ It appears that the district court order of 21 December 1977 is not appealable [*Northwest Airlines, Inc. v. State Board of Equalization,* 244 N.W.2d 708 (N.D.1976)] and that Burlington Northern does not have a plain and speedy remedy in the ordinary course of law and that the ends of justice require this court to act. We therefore believe an adequate showing has been made for this court to exercise its original jurisdiction.

The basic issue in this case is whether or not the district court erred in compelling Burlington Northern to answer the interrogatories and produce the information requested in paragraphs 5 and 9 of its order.

The issue involves the interpretation of Rule 26(b)(3), North Dakota Rules of Civil Procedure, which, as is material here, provides as follows:

"Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) *only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials when the required showing has been made, *the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories* of an attorney or other representative of a party concerning the litigation.

"A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is

(A) a written statement signed or otherwise adopted or approved by the person making it, or

(B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

[Emphasis added.]

■ This rule was derived from the Federal Rules of Civil Procedure, Rule 26(b), and therefore any construction placed upon the federal rule by the federal courts will be entitled to great weight in construing and interpreting the North Dakota Rule 26(b)(3). The party seeking discovery of certain documents and tangible things under Rule 26(b)(3), NDRCivP, must make *a showing* that he has substantial need of the materials in the preparation of the case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Significantly, however, the rule also provides that when the required showing has been made the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ The phrase, "upon a showing," as found in Rule 26(b)(3), NDRCivP, implies more than merely presenting a motion and an argument. It requires the presentation of facts upon which the court may make its determination, and at the discretion of the court, an evidentiary hearing may be held to accomplish this.

■ With the provisions of Rule 26(b)(3), NDRCivP, in mind, we gleaned the record, as presented, including briefs and oral arguments, but not responses to interrogatories, for essential information and facts needed to resolve the issue before us. Unfortunately, we were unsuccessful. There is no adequate record of the proceedings conducted before the trial court and without it we were unable to determine what occurred or what was presented to the trial court. We believe it is self-evident that facts sets out in oral arguments are not considered facts unless the parties have agreed or stipulated that they are the facts in the case. This court is not clairvoyant. It must rely upon the facts in the record as made and submitted or as made before this

court. This is true whether the matter is before the court as a result of an appeal or on original proceedings. We cannot properly resolve the issue before us merely on the arguments or briefs of counsel without the basic facts.

One of the essential items that needs to be considered in resolving the basic issue is whether Donald L. Ruby was or was not rendered unconscious for approximately six weeks after the accident and suffered a memory impairment. While this is alleged as fact in the complaint, we do not have the answer which may either admit or deny this allegation. The answer is not before us as part of the record, nor are there indications in the record that this is admitted as fact. The answer to the question may be in a response to one of the many interrogatories but we were not referred to any such response, if it in fact exists. Neither do we believe that this court should be required to examine all the responses for such purpose.

We also recognize that the order in question, dated 21 December 1977, does not include a protective provision against disclosure of mental impressions, conclusions, or legal theories of an attorney or other representative of a party concerned in the litigation as required by Rule 26(b)(3), NDRCivP. This in itself constitutes justification for remanding the case with directions.

We explored the possibility of making a limited ruling on the issues to prevent delay, but did not do so because it would require making some assumptions which might be erroneous and risky, and as such it would not serve the ends of justice.

■ Whether we review the proceedings of the trial court in exercising our original jurisdiction or by reviewing it on appeal of a judgment, an appropriate record must be made available to permit a proper review. In this instance, viewing the record in the most favorable light available, it is simply inadequate for this court ·to make any meaningful review.

Consequently we are compelled to conclude that the record before us does not contain adequate information or facts to determine if there was a proper showing made before the trial court to satisfy the provisions of Rule 26(b)(3), NDRCivP, and to justify the issuance of the order containing paragraphs 5 and 9, which are specifically mentioned. We further conclude this matter must be remanded to the trial court with instructions.

We reach this conclusion even though the order in question is not appealable per se and would only be reviewable if an appeal were taken from the judgment rendered by the trial court. Even if it were reviewed as part of an appeal from a judgment, the appellate court would still be required to look at the record to determine whether or not a proper showing was made. If no record was made, or the record disclosed that an improper showing was made, it could possibly constitute grounds for setting aside the order, which may also affect the validity of the judgment.

In remanding this case, we took into account Thomas W. Spence's affidavit, which was part of the record and which, among other things, stated that the materials in the Burlington Northern claims file were obtained, prepared and compiled pursuant to instructions from the Burlington Northern law department and in anticipation of litigation and in preparation therefor. The record we have before us does not indicate that this affidavit was disputed by other evidence either in the form of an affidavit or sworn testimony. This is a matter that the trial court must weigh in its ultimate disposition of the matter.

Counsel for Ruby pointed out that the railroad, under § 49–13–22, North Dakota Century Code, is required to report all accidents within this state involving the railroad to the Public Service Commission. Section 49–13–22 was repealed by Chapter 443, § 3, of the 1977 Session Laws. Similarly, 45 U.S.C. § 38 requires a report to be made of every accident, the nature and cause of, and the circumstances connected therewith, to the Secretary of Transportation. The penalty for failing to make the report as required is set out in 45 U.S.C. § 39.

458

In our opinion, the reports or any enclosures or attachments as part of the report required to be made and filed pursuant to law, as distinguished from the file of the company, constitutes a legal business entry or transaction and is subject to discovery. Exhibit 1, which was introduced at the hearing before this court, conditionally to be opened only if the court reached the conclusion that the basic provisions of paragraphs 5 and 9 were to be followed and which reportedly contain the investigation report and other material which was directed to be produced under paragraphs 5 and 9 of the order in question, was not examined by us and will be returned unexamined directly to Burlington Northern.

Rule 26(b)(3), NDRCivP, was revised to conform substantially with the 1970 federal amendments. Therefore the advisory committee notes to the 1970 federal amendments, which are found on pages 49 and 50 of the commentaries to Rule 26, will be helpful to the court in determining what constitutes a proper showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials.

As to what constitutes "good cause" or "the work product doctrine," 4 Moore's Federal Practice ¶ 26.64, at 61–71 (1977–78 Cumulative Supplement) contains information which may be of help and serve as a guide in understanding and applying Rule 26(b)(3). *McDougall v. Dunn,* 468 F.2d 468 (4th Cir. 1972), wherein the court discussed and applied Rule 26(b)(3) may also be helpful. We also call attention to the case entitled *State ex rel. Shelby Mutual Insurance Co. v. Circuit Court for Milwaukee County,* 67 Wis.2d 469, 228 N.W.2d 161 (1975), wherein the court discussed a subdivision of the Wisconsin rules of civil procedure, which subdivision is identical to the North Dakota Rule 26(b)(3), except with reference to paragraphs. The discussion of the rule and its requirements, particularly as to the four reasons for the extension of privilege protection to lawyers' work product should be helpful to the trial court in applying the rule to the facts as they may be presented.

The case of *Diversified Industries, Inc. v. The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri and The Weatherhead Company,* 572 F.2d 596 (8th Cir., February 15, 1978) and the discussion therein will also be helpful in applying Rule 26(b)(3), NDRCivP.

In our discussion herein we are not suggesting that Ruby will be unable to overcome the inadequacies as they presently appear in the record before us. We merely conclude that the record before us does not disclose that the proper showing was made.

We therefore remand the matter to the trial court for further proceedings to allow Ruby to make the proper showing required under Rule 26(b)(3), NDRCivP, and the case law referred to earlier in this opinion.

The requested writ directing Richland County district court to vacate paragraphs 5 and 9 of its order dated 21 December 1977 is granted and the case is remanded to the trial court with instructions to vacate the order dated 21 December 1977. However, Ruby may renew the motion to compel Burlington Northern to answer the interrogatories and to produce the information requested in paragraphs 5 and 9 of the order in question and make the proper showing before the trial court that he has substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means, as provided for in Rule 26(b)(3), NDRCiv P. If, after a proper showing, the trial court orders production of the material the order shall also provide for protection against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The case is accordingly remanded for further proceedings in accordance with this opinion.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.