**James Leo MALONY, Kyle A. Anderson, Jacquelyn F. Andel, Michael Malony, May S. G. Wiese, Sheldon Ellig, Chris Jensen, Adelyn Morton and Lorraine Donaldson, Petitioners,**

**v.**

**The CASS COUNTY COURT OF INCREASED JURISDICTION, Cass County, North Dakota, Respondent.**

**Civ. No. 9858.**

Supreme Court of North Dakota.

Dec. 19, 1980.

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for petitioners; argued by Chester J. Serkland, Fargo.

Robert Vogel, Grand Forks, Michael D. Nelson of Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, and Bruce D. Quick, Asst. State's Atty., Fargo, each argued for respondent.

PEDERSON, Justice.

Pursuant to Section 86 of the North Dakota Constitution, and Section 27–02–04, NDCC, petitioners have applied for issuance of a writ of supervision of the Cass County Court of Increased Jurisdiction. The writ is sought to overturn the court's order denying petitioners' motion to avoid deposition as witnesses in a criminal proceeding. We deny the application.

The criminal action which has fostered petitioners' request is the prosecution of Larson's Super Valu, Inc., a West Fargo grocery store, for violation of the State's Sunday closing law, § 12.1–30, NDCC. Larson's has alleged that other stores in the Fargo area, specifically some smaller "convenience" grocery stores, violate the same law but are not prosecuted. In order to establish the defense of discriminatory enforcement, Larson's attempted to secure from these stores, represented here by petitioners, information that would show whether or not they fit within the exceptions to the closing law and were susceptible to criminal process. Petitioners resisted questioning by claiming the Fifth Amendment protection against self-incrimination. When Larson's moved the court to compel their cooperation, the petitioners moved, under Rule 16(f), NDRCrimP, for a protective order to end discovery. The court, believing discriminatory prosecution to be a valid defense in North Dakota, decided to permit the depositions and, in accordance with § 31–01–09, NDCC, granted each petitioner immunity from possible prosecution in the wake of incriminating answers. The petitioners have continued to resist by arguing that they are now to be identified, without the benefit of trial, as criminals. They have asked this court to vacate the lower court's order which denied the request to end discovery.

■ In many other cases we have established guidelines for the exercise of our original jurisdiction in applications for a supervisory writ. The granting of a supervisory writ is a matter wholly discretionary with this court—it is not a matter of right. We use the supervisory power rarely and with caution, and only in cases where justice is threatened and no other remedy is adequate or allowed by law. *Marmon v. Hodny,* 287 N.W.2d 470, 474 (N.D.1980).[1]

■ Ordinarily, orders relating to pretrial discovery are by nature interlocutory and not appealable. Section 28–27–02, NDCC; *Northwest Airlines v. State, Through Bd. of Equal.,* 244 N.W.2d 708 (N.D.1976); *Budge v. Anderson,* 146 N.W.2d 169 (N.D.1966). However, the non-appealability of the order does not establish that petitioners are without alternative remedies. Granted, their motion to prevent the taking of depositions was denied, but still untried and available is a motion pursuant to Rule 15(a)(4), NDRCrimP, which reads as follows:

"*Upon motion* of a party or *of the deponent and upon a showing that the taking of the deposition does or will unreasonably annoy, embarrass, or oppress, or cause undue burden* or expense *to, the deponent* or a party, the court in which the prosecution is pending or *a court* of the jurisdiction where the deposition is being taken *may order that the deposition not be taken or continued or may limit the scope and manner of its taking.* Upon demand of the objecting party or deponent, the taking of the deposition may be suspended for the time necessary to make the motion." [Emphasis supplied.]

Offering legal advice is not our function or policy, yet it is evident that petitioners have not exhausted all the means by which deposition could be made more tolerable. The trial court, in memoranda to this court and at oral argument, has openly expressed its

---

1. Under § 86 of the present North Dakota Constitution, this court may, in a proper case, exercise original jurisdiction solely for the purpose of vindicating a private right. Language in cases that appears to have stated otherwise is now inoperative.

readiness to fashion a discovery order which would prevent indiscriminate snooping into petitioners' affairs clearly irrelevant to the criminal defense.

Under the circumstances, we reject the possible assertion that *any* manner of deposing petitioners will be unjust and intolerable. We recognize that petitioners, unlike petitioners in other supervisory writ cases, are not parties to the main action but potential witnesses. However, the court has given them immunity from prosecution based on information they may reveal. A grant of immunity, when coupled with the trial court's apparent willingness to restrict discovery in protection of petitioners' private interests, militates against the conclusion that a supervisory writ is the only remedy available to prevent injustice.

Having failed to meet the traditional criteria employed by this court, the application for the writ is denied.

ERICKSTAD, C. J., and PAULSON, SAND, VANDE WALLE, JJ., concur.