Ernest LANG, Petitioner,

v.

Judge Gerald GLASER, South Central Judicial District, Respondent.

Civ. No. 10722.

Supreme Court of North Dakota.

Jan. 8, 1985.

Ernest Lang, pro se.

Robert P. Bennett, Sp. Asst. Atty. Gen., for State of North Dakota, d/b/a Bank of North Dakota, Bismarck, for respondent.

GIERKE, Justice.

Petitioner Lang requests this court to issue a writ of mandamus directing the Honorable Gerald G. Glaser to reverse his order of May 11, 1984, in which he denied Lang's motion to enjoin foreclosure by advertisement. The application for a writ of mandamus is denied.

Lang and his wife (now deceased) borrowed $80,000 from the Bank of North Dakota on April 4, 1977. They executed a note and mortgage on their farm in return for the loan. Lang defaulted on the note. On February 10, 1984, a notice of intention to foreclose the mortgage was served on Petitioner Lang. Beginning March 26, 1984, a notice of sale was published in the Bismarck Tribune for six weeks. Lang received a copy of the notice of sale, which sale was scheduled for May 11, 1984.

On May 9, 1984, two days before the foreclosure sale, Lang filed a motion with the district court pursuant to § 35–22–04 of the North Dakota Century Code, requesting the court to enjoin the foreclosure by advertisement. On May 11, 1984, Judge Glaser denied Lang's motion to enjoin the foreclosure by advertisement because Lang did not file the motion within the statutory deadline. The sale was held and the Bank of North Dakota purchased the property. Lang then requested this court to issue a writ of mandamus which would compel the district court to enjoin the sale. Lang is currently farming the foreclosed property pursuant to the redemption provision of § 35–22–20, N.D.C.C.

Lang contends that the notice of intention to foreclose did not adequately apprise him of his right to request an injunction of the foreclosure proceedings. Lang asserts that when he did request an injunction, Judge Glaser was compelled to issue one, based on Lang's petition and accompanying affidavit. Lang acknowledges that he was informed of the statutory deadline for filing his motion to enjoin the sale. However, Lang asserts that circumstances at the time prevented the timely filing of his petition.

The issues are:

1) whether or not this court should invoke its supervisory jurisdiction in this case; and

2) whether or not the district court erred in denying Lang's motion to enjoin the foreclosure by advertisement.

I.

Appellant's application for a writ of mandamus is a request for this court to exercise its supervisory jurisdiction. The authority of this court to invoke its supervisory jurisdiction is founded in Article VI, § 2 of the North Dakota Constitution. *Havener v. Glaser*, 251 N.W.2d 753, 757 (N.D. 1977). *See Suburban Sales v. District Court of Ramsey*, 290 N.W.2d 247, 249 (N.D.1980); *Olson v. North Dakota Dist. Court, Etc.*, 271 N.W.2d 574, 577 (N.D. 1978).

The Supreme Court's power to issue supervisory writs is discretionary and cannot be invoked as a matter of right. *Spence v. North Dakota Dist. Court*, 292 N.W.2d 53, 57 (N.D.1980). This court determines for itself on an *ad hoc* basis whether or not a particular case falls within its jurisdiction and, further, whether or not this court should exercise its discretion in granting this extraordinary measure of relief. *Olson v. North Dakota Dist. Court, Etc., supra.*

Guidelines have been established for the exercise of our jurisdiction in applications for a supervisory writ. *Maloney v. Cass Cty. Court of Increased Juris.*, 301 N.W.2d 112, 113 (N.D.1980). Our superintending control over inferior courts is used only in cases where justice is threatened and no other remedy is adequate or allowed by law. *Vande Hoven v. Vande Hoven*, 336 N.W.2d 366, 368 (N.D.1983); *Maloney, supra; State v. Lynch*, 138 N.W.2d 785, 789 (N.D.1965).

Lang fails to meet the above criteria. The circumstances presented in the instant case are not tantamount to a denial of justice. *See Stormon v. District Court of Pierce County*, 76 N.D. 713, 38 N.W.2d 785, 787 (1949). In addition, Lang was provided with the right to appeal the district court's decision. He chose not to avail himself of this remedy and sought a writ of mandamus instead.

We conclude that the instant case is not an appropriate one for the exercise of our supervisory jurisdiction over the district court. Therefore, we do not reach the second issue of whether or not the district court erred in denying Lang's motion to enjoin the foreclosure by advertisement.

The application for a writ of mandamus is denied.

ERICKSTAD, C.J., VANDE WALLE, J., and ILVEDSON, Surrogate Judge, concur.

ILVEDSON, Surrogate Judge, sitting in place of PEDERSON, J., disqualified.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.