**HEARTVIEW FOUNDATION, a corporation, and Sherman Sandbo, Petitioners,**

v.

**Gerald G. GLASER, Judge of the District Court, South Central Judicial District, and Keith Conrad, Respondents.**

**Civ. No. 10849.**

Supreme Court of North Dakota.

Jan. 18, 1985.

Howard D. Swanson, of Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, for petitioners.

George T. Dynes, of Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for respondents.

Margaret K. Brooks, New York, N.Y., for Legal Action Center of the City of New York, Inc., amicus curiae.

VANDE WALLE, Justice.

Heartview Foundation and Sherman Sandbo petitioned this court to exercise its jurisdiction to issue a supervisory writ directing a district court judge to vacate his order compelling petitioners to answer an interrogatory. The petition is granted.

Heartview Foundation is an alcohol- and drug-treatment facility at which Sandbo was a counselor. Keith Conrad, respondent, was a patient at Heartview where he received counseling from Sandbo. On July 27, 1983, Conrad brought suit against Heartview and Sandbo alleging professional malpractice.

During discovery Heartview and Sandbo objected to and refused to answer one interrogatory requested by Conrad which read:

"Identify fully each person in Keith Conrad's group, as of July 26, 1982, and as to such person, state the following:

"(a) Name;

"(b) Present address or last known address;

"(c) The dates that such person entered and departed from Heartview Foundation."

Heartview and Sandbo declined to answer this interrogatory on the ground the information sought was privileged and confidential under both State and Federal law. Conrad then filed a motion in district court to compel Heartview and Sandbo to answer the interrogatory.

The district court concluded that although the patients' identities were confidential under North Dakota law, the patients had waived their privilege to confidentiality by not utilizing pseudonyms to conceal their real identities while undergoing treatment at Heartview.

Furthermore, the district court determined that if relevant Federal statutes and regulations governing the disclosure of patient information were applicable, they were satisfied because there existed "good cause" for disclosure to Conrad of the patients' identities.

The district court ordered Heartview and Sandbo to answer the interrogatory [1] and this petition requesting a supervisory writ was subsequently filed.

Initially, it is important to note none of the parties' briefs contained a statement outlining this court's jurisdiction to issue a supervisory writ. The first step and sine qua non of pleading is to demonstrate jurisdiction to the court. In this instance it appeared it was assumed this court would perfunctorily exercise its original jurisdiction.

It is an understatement to observe there is an abundance of case law elucidating the factors we consider when deciding whether or not to employ our supervisory authority. Our jurisdiction to grant a supervisory writ will be invoked only to rectify error and prevent injustice [*Malony v. Cass Cty. Court of Increased Juris.*, 301 N.W.2d 112 (N.D.1980)] and when no adequate alternative remedies exist [*Lang v. Glaser*, 359 N.W.2d 884 (N.D.1985); *Grand Forks Herald v. District Court, Etc.*, 322 N.W.2d 850 (N.D.1982)].

---

1. The district court order prohibited Conrad from disclosing the patients' identities and provided that any patient who used a pseudonym during treatment would not be affected by the order.

■ The parties are not entitled to a supervisory writ as a matter of right; rather, the issuing of the writ is entirely discretionary with this court [*Lang, supra*] to be determined case by case [*Lang, supra; Marmon v. Hodny*, 287 N.W.2d 470 (N.D. 1980)] and is done rarely and with caution [*Lang, supra; Malony, supra*].

■ In this instance the petitioners have no viable alternative remedy to a supervisory writ. The district court order compelling petitioners to answer the interrogatory is not appealable [see Sec. 28–27–02, N.D. C.C.; *Northwest Airlines v. State, Through Bd. of Equal.*, 244 N.W.2d 708 (N.D.1976)], and they have no recourse but to answer the interrogatory or be held in contempt [see Rule 37(d), N.D.R.Civ.P.]. Consequently, the only feasible remedy available to petitioners is to seek a supervisory writ. See *Marmon, supra.*

We will exercise our supervisory jurisdiction and review the order of the district court requiring Heartview Foundation to answer the interrogatory.

In compelling discovery the district court judge did not determine if various Federal statutes governing confidentiality of patient information applied to Heartview.[2] Instead, he assumed that if Federal law was applicable, disclosure of the patients' identities was warranted.

The Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, 42 U.S.C. § 290dd–3 (1976), and the Drug Abuse Office and Treatment Act of 1972, 42 U.S.C. § 290ee–3 (1976), and the complementary regulations, 42 C.F.R. Part 2 (1983), govern the disclosure of information acquired in connection with alcohol and drug treatment. The Federal statutes and regulations prohibit disclosing certain patient information unless the patient waives the right of confidentiality or the disclosure is ordered by a court of competent jurisdiction.

The pertinent Federal regulations require a patient's written consent for disclosure of information sought by Conrad's interrogatory. 42 C.F.R. § 2.31. No written consent by any patient was obtained in this instance and therefore disclosure could be had only by a court order, the requirements for which are set forth in 42 C.F.R. § 2.64:

"(b) Notice. In any proceeding [for a court order to authorize disclosure] ... in which the patient or the program has not been made a party, each shall be given appropriate notice and an opportunity to appear in person or to file a responsive statement, deposition or other form of response consistent with local rules of procedure. The court shall give due consideration to any such statement, deposition or other response in exercising its discretion as to the existence of good cause [to order disclosure] ..."

In this instance Heartview—but none of the patients—was a party to the litigation in which Conrad sought disclosure of patients' identities. None of the patients whose names were ordered released by the district court were given any notice or opportunity to be heard. Nevertheless, Conrad contends the notice requirement of 42 C.F.R. § 2.64 was not activated because Heartview was a party to the proceeding where court-ordered disclosure was sought. Conrad argues that 42 C.F.R. § 2.64 requires notice only when *both* the program, here Heartview, and the patients are not parties to the proceeding. Conrad claims the use of the disjunctive term "or" in § 2.64 signifies that if *either* the program or the patient is a party, notice is not mandatory.

While use of the disjunctive "or" usually denotes the existence of alternatives [see, generally, 1A Sutherland, *Statutory Construction*, § 21.13 (1972)], this rule is not followed when the legislative intent is clearly contrary. See *George Hyman Const. Co. v. Occupational Safety*, 582

---

2. None of the parties to this appeal seriously contended Heartview was not subject to the applicable Federal statutes.

F.2d 834 (4th Cir.1978). Here, the legislative histories of the enabling statutes of 42 C.F.R. § 2.64, the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, 42 U.S.C. § 290dd–3 (1976), and the Drug Abuse Office and Treatment Act of 1972, 42 U.S.C. § 290ee–3 (1976), patently indicate that unless *both* the program and the patient are parties to the disclosure proceeding notice is required.

■ The interpretation of statutes and, here, administrative regulations, must be reasonable and consistent with legislative intent [*In Interest of Nyflot,* 340 N.W.2d 178 (N.D.1983); *Storbeck v. Oriska Sch. Dist. #13,* 277 N.W.2d 130 (N.D.1979)], and done in a manner which will accomplish the policy goals and objectives of the statute or regulation [*Bartels v. City of Williston,* 276 N.W.2d 113 (N.D.1979)].

Here, the legislative histories of the relevant statutes clearly demonstrate their primary objective is to assure every patient and former patient of his right to privacy. See H.Conf.Rep. No. 92–920, 92d Cong., 2d Sess. (1972), reprinted in 1972 U.S.Code Cong. and Admin.News, pp. 2045, 2072. Allowing a court-ordered disclosure of patient identities without notice to the patients simply because the treatment program is a named party would run counter to the statutes' intent and would likely reduce their effectiveness.

■ We therefore conclude the district court order did not comply with the dictates of 42 C.F.R. § 2.64 in that it failed to require notice to the relevant patients. Consequently, the district court erred in compelling Heartview to answer the interrogatory.

■ Assuming, arguendo, that the Federal statutes and regulations were inapplicable, or, if applicable, were satisfied, we cannot agree with the district court that the patients at Heartview waived their privilege to confidentiality by neglecting to conceal their identities during treatment by using pseudonyms.

The necessity to keep confidential the fact that a patient has undergone alcohol or drug treatment is well established. See Sec. 31–01–06.3, N.D.C.C.; testimony on House Bill 1304 before the House Judiciary Committee of the 1981 Legislature; Committee Minutes February 2, 1981, Senate Judiciary Committee hearings on House Bill 1304; 42 U.S.C. § 290dd–3 (1976), and 42 U.S.C. § 290ee–3 (1976); H.Conf.Rep. No. 92–920, 92d Cong., 2d Sess. (1972), reprinted in 1972 U.S.Code Cong. and Admin.News, pp. 2062, 2072.

If patients—former, present, and prospective—are not assured their treatment for drug and alcohol dependency will be confidential, the effectiveness of such rehabilitation will be uncertain. Without the assurance of confidentiality a number of individuals may hesitate to seek treatment in alcohol- and drug-treatment programs.

North Dakota has an addiction-counselor/client privilege, codified at Section 31–01–06.3, N.D.C.C., et seq. The obvious purpose of Section 31–01–06.3 et seq. is similar to that behind the doctor/patient privilege, Rule 503, N.D.R.Ev.: to inspire confidence in the patient, encourage full disclosure to the counselor, and prevent counselors from divulging to the curious the addictions and afflictions of the patient. See *Sagmiller v. Carlsen,* 219 N.W.2d 885 (N.D.1974). It is difficult to reconcile this public policy behind Section 31–01–06.3 et seq. with the district court's conclusion the patients waived their right to privacy.

The patients at Heartview did not expressly waive their privilege to confidentiality nor can we conclude there was an implied waiver. Allowing the mere failure to conceal one's true identity during alcohol and drug treatment to constitute a waiver of the privilege of confidentiality could emasculate the effectiveness of rehabilitation and runs counter to the policies forwarded by Section 31–01–06.4, N.D.C.C.

■ For the reasons stated above we conclude this is an appropriate instance to exercise our supervisory authority over the district court. We therefore instruct the district court to vacate its order compelling

**236**

petitioners to answer Conrad's interrogatory. We further direct that the district court: require the name and last-known addresses of the patients sought in the interrogatory to be made available *in camera* to the district court for the purpose of the court's giving appropriate notice of the request for disclosure of names, addresses, and dates of treatment to the patients as required by 42 C.F.R. § 2.64; permit the patients the opportunity to appear in person or file responsive statements as provided in 42 C.F.R. § 2.64; and give due consideration to any such statements in exercising its discretion as to the existence of good cause to release the information to Conrad.

ERICKSTAD, C.J., GIERKE, J., and PEDERSON, Surrogate Judge, and BACKES, District Judge, concur.

PEDERSON, Surrogate Judge, and BACKES, District Judge, participated.