Shelley LASHKOWITZ, a Member of the Bar of the State of North Dakota, Petitioner,

v.

The DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, By and Through its Hearing Panel, Mike Halpern, Chair, and Dann E. Greenwood and Sandi Lang Frenzel, Members, Respondents.

Civ. No. 870013.

Supreme Court of North Dakota.

July 28, 1987.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, and Stefanson, Landberg, Plambeck & Geeslin, Moorhead, Minn., for petitioner, argued by Randolph E. Stefanson.

William C. Kelsch, Sp. Counsel for Disciplinary Bd., Mandan, for respondents.

MESCHKE, Justice.

Attorney Shelley Lashkowitz is the respondent in a disciplinary proceeding. He petitions this court to issue a supervisory writ to a Hearing Panel for the Disciplinary Board. Lashkowitz seeks to vacate an order denying him discovery and to compel the Disciplinary Board to respond to his interrogatories and requests for production of documents. We conclude that a supervisory writ is appropriate. We hold that an attorney who is a respondent in a formal disciplinary proceeding can use discovery authorized by the rules of civil procedure.

After investigation and informal disciplinary proceedings before the Inquiry Committee East, the Disciplinary Board filed a formal disciplinary complaint against Lashkowitz. A Hearing Panel was appointed to consider the complaint and recommend action on it. Lashkowitz directed interrogatories and requests for production of documents to counsel for the Disciplinary Board. He sought to discover the facts, documents, and names of persons with knowledge of facts underlying the allegations of the formal complaint. Counsel for the Disciplinary Board responded:

"In lieu of answering the Interrogatories and Request for Production of Documents served upon me, I am providing you with names of individuals and entities who may be called to testify in the above proceedings in substantiation of

the allegations in the Formal Complaint and those who I anticipate at this time may be called as rebuttal witnesses; also, I am providing copies of the documents that I have accumulated. I am not including work product, research or impressions or interview notes.

"Except as otherwise provided in the disciplinary procedure rules, the North Dakota Rules of Civil Procedure apply to disciplinary proceedings, which are nevertheless not characterized as either civil or criminal proceedings. It is my position that Interrogatories and Requests for Production of Documents, as they are limited by Rules 33 and 34, NDRCivP, to parties, are inappropriate to disciplinary proceedings."

Lashkowitz then sought an order from the Hearing Panel to compel the Disciplinary Board to formally respond to the interrogatories and production requests. Counsel for the Disciplinary Board resisted and asked for a protective order from "annoyance, oppression, and undue burden." After a pre-hearing conference, the Hearing Panel issued an order denying Lashkowitz's request, reasoning:

"At issue was the question of whether Rule 10(i) and Rule 21(f) are limited by Rule 11, all said Rules being in the NDRDP.

"In other words, the issue is whether all forms of pre-trial (pre-hearing) discovery are to be permitted or whether there is a limitation thereon.

"... The conclusion of this Panel is that Rule 11 of the NDRDP limits pre-trial (pre-hearing) discovery to those procedures setout in Rule 11, as to rule otherwise, would make Rule 11 superfluous.

"In addition, the Panel would like to point out the following:

"1. Both Rules 11(c) and 21(f) of the NDRDP state 'except as otherwise provided' and the Panel feels that Rule 11 qualifies as 'except as otherwise provided.'

\* \* \* \* \* \*

"Concluding, we deny the motion to compel answers to interrogatories and production of documents requested by the respondent and also deny the motion for protective order, as the denial of respondent's motion precludes the necessity of the second motion."

Lashkowitz then asked this court to issue a supervisory writ directing the Hearing Panel to vacate its order denying discovery and to require the Disciplinary Board to fully respond to his discovery requests.

I

Is a supervisory writ appropriate?

■ Art. VI, § 2, N.D. Const., gives this court "authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." On numerous occasions we have emphasized that our power to issue remedial writs is discretionary. It cannot be invoked as a matter of right, but will be employed on a case-by-case basis to prevent possible injustice. *E.g., Heartview Foundation v. Glaser,* 361 N.W.2d 232 (N.D. 1985); *Marmon v. Hodny,* 287 N.W.2d 470 (N.D.1980); *Burlington Northern v. North Dakota District Court,* 264 N.W.2d 453 (N.D.1978).

In each of *Heartview Foundation, Marmon,* and *Burlington Northern,* we exercised our superintending authority to direct a lower court to vacate an order compelling answers to interrogatories. In each instance, we noted that the order requiring answers to the interrogatories was not appealable and that, once answers to interrogatories were made, they could not be "unmade" by later appeal from the judgment.

In contrast, in *Spence v. North Dakota District Court,* 292 N.W.2d 53 (N.D.1980), the lower court refused to compel answers to interrogatories. We declined to exercise our superintending control, stressing that other discovery devices were available to obtain the information and that the petitioners had an adequate remedy by review on appeal from an unfavorable final judgment.

The differentiation is whether it would be possible to undo the action of the lower court by later appeal. If that were the

only factor here, we would not exercise our supervisory power since the Hearing Panel's order denying discovery could be adequately reviewed if, and when, the Disciplinary Board's recommendation reached this court. However, in this case, there are other important factors.

This is a disciplinary proceeding. Under Art. VI, § 3, N.D. Const., unless otherwise provided by law, this court is empowered "to promulgate rules and regulations for the admission to practice, conduct, disciplining, and disbarment of attorneys at law." N.D.C.C. § 27–11–02 authorizes us to admit persons to practice as attorneys in this state. N.D.C.C. § 27–14–01 enables us to revoke or suspend the certificate of admission of an attorney. Pursuant to our authority, we have adopted rules for admission to practice, rules of professional responsibility, and rules of disciplinary procedure. Those rules make the Disciplinary Board an arm of this court to receive and investigate complaints, hold hearings, and make recommendations to this court. The purpose of disciplinary proceedings is to enable us to determine, in the public interest, if an attorney should continue to practice law. See Matter of Maragos, 285 N.W.2d 541 (N.D.1979). Thus, our ultimate responsibility in disciplinary proceedings imposes a special obligation on us. We must assure that those proceedings are conducted fairly and consistently with their purpose.

At stake in this case is whether an attorney responding to a formal disciplinary proceeding can use discovery to prepare for his trial by the Hearing Panel. The issue is whether any discovery is available to an attorney in a formal disciplinary proceeding—not whether an item of discovery is objectionable. This question is fundamentally important, not just for this proceeding, but for all disciplinary proceedings.

Because of the importance of discovery for the full and fair adjudication of all disciplinary proceedings and in keeping with our ultimate responsibility for all attorney discipline, we choose to exercise our supervisory power in this case. However, we do not intend to signal any retreat from

our past decisions on supervising discovery in civil actions. Nor do we imply that we will exercise supervisory jurisdiction over a particular discovery ruling in a formal disciplinary proceeding if it can be remedied when the Disciplinary Board's recommendations come to us.

## II

N.D.R.D.P. 21 sets out general provisions for disciplinary proceedings and, in subdivision (f), says:

> "*Except as otherwise provided in these rules*, the North Dakota Rules of Civil Procedure apply to disciplinary proceedings." [Emphasis added.]

N.D.R.D.P. 10 describes the procedure for formal disciplinary proceedings, hearings, and supreme court review, and, in subdivision (i), says:

> "*Except as otherwise provided herein*, all procedures shall be in accordance with the North Dakota Rules of Civil Procedure and the North Dakota Rules of Evidence." [Emphasis added.]

Lashkowitz argues that the plain and ordinary meaning of "except as otherwise provided" requires that the rules of civil procedure be applied unless some other provision specifically says otherwise. Since nothing in N.D.R.D.P. 11 expressly excludes the use of civil discovery procedures in formal disciplinary proceedings, he asserts they are available.

The Disciplinary Board responds that N.D.R.D.P. 11 addresses the subject of discovery in disciplinary proceedings and places direct control of discovery in the hands of the hearing body. It argues that Rule 11 "otherwise provides" for discovery, precluding the use of civil discovery procedures in formal disciplinary proceedings.

In construing procedural rules, the principles of statutory construction apply. *State v. Manke*, 328 N.W.2d 799 (N.D. 1982); *Disciplinary Board of Supreme Court v. O'Neil*, 326 N.W.2d 879 (N.D. 1982). Procedural rules and statutes must be considered as a whole to effectuate their intent and that intent must be sought initially from the language of the rule. *See*

*County of Stutsman v. State Historical Society of North Dakota,* 371 N.W.2d 321 (N.D.1985).

We must consider N.D.R.D.P. 11 within the overall framework of disciplinary proceedings. A disciplinary matter begins with an informal complaint which, unless otherwise ordered by the chairman of the Disciplinary Board, is investigated by the appropriate district inquiry committee. N.D.R.D.P. 8. The inquiry committee reports the results of its investigation to the Disciplinary Board which may then begin formal disciplinary proceedings. N.D.R.D.P. 9. A formal disciplinary proceeding means any proceeding following the filing of a formal complaint, N.D.R.D.P. 1(g)(1), and is governed by N.D.R.D.P. 10, which provides for a hearing and for determination.

N.D.R.D.P. 11 provides:

"RULE 11. SUBPOENA POWER, WITNESSES AND PRE-TRIAL PROCEEDINGS

"(a) Any member of the disciplinary board, of the inquiry committees, or of the hearing body in matters before it, the disciplinary counsel in matters under investigation by him, may administer oaths and affirmations and, in conformity with Rule 45 of the North Dakota Rules of Civil Procedure, compel by subpoena the attendance of witnesses and the production of pertinent books, papers, and documents. A respondent, in conformity with Rule 45 of the North Dakota Rules of Civil Procedure, may compel by subpoena the attendance of witnesses and the production of pertinent books, papers, and documents before a hearing body after formal disciplinary proceedings are instituted.

"Subpoenas shall clearly indicate on their face that the subpoenas are issued in connection with a confidential investigation under these rules and that it is regarded as contempt of the Supreme Court or grounds for discipline under these rules for a person subpoenaed to breach in any way the confidentiality of the investigation. It is not a breach of confidentiality for a person subpoenaed to consult with an attorney.

"(b) The District Court of the Judicial District in which the attendance or production is required, upon proper application, may enforce the testimony of any witness and the production of any documents so subpoenaed. Subpoena and witness fees and mileage shall be the same as in District Court.

"(c) At the discretion of the hearing body, a conference may be ordered for the purpose of obtaining admissions or otherwise narrowing the issues presented by the pleadings. The conference may be held before the chairman of the hearing body or any member of the hearing body designated by him.

"(d) With the approval of the hearing body, testimony may be taken by deposition or by other discovery process if the witness is not subject to service of subpoena or is unable to attend or testify at the hearing because of age, illness or other infirmity. A complete record of the testimony so taken shall be made and preserved.

"(e) The subpoena and the deposition procedures shall be subject to the protective requirements of confidentiality prescribed in Rule 23."

Subdivision (a) grants disciplinary authorities power to "administer oaths and affirmations and, ... compel by subpoena the attendance of witnesses and the production of pertinent books, papers, and documents." That plain language gives disciplinary authorities those powers at both the informal and formal stages of disciplinary proceedings, thus recognizing the investigatory, preparatory, and hearing powers of the disciplinary authorities.[1]

---

1. N.D.C.C. § 27–14–04 also deals with disbarment or suspension proceedings:

   "*27–14–04. Investigation by bar board— Witnesses, subpoenas, oaths, testimony.—* When a complaint charging a member of the bar with misconduct is referred to the state bar board for investigation, each member of such board may:

   "1. Issue a subpoena commanding any witness to appear at any place within the judicial district in which the witness resides;

   "2. Administer oaths to witnesses; and

On the other hand, the plain language of subdivision (a) gives the respondent attorney the power to subpoena witnesses and documents for the hearing on a formal complaint. The clear implication is that, before formal disciplinary proceedings are begun, a respondent attorney does not have the power to subpoena witnesses or documents. However, nothing expressed in that subdivision excludes a respondent attorney from using civil discovery to prepare for the hearing once a formal complaint is filed.

Subdivision (d) relates to testimony "at the hearing." With approval of the hearing body, hearing testimony can be taken by "deposition or by other discovery process if the witness is not subject to service of subpoena or is unable to attend or testify at the hearing because of age, illness or other infirmity." Again, nothing expressed in this subdivision "otherwise" precludes a respondent's use of discovery to prepare for the hearing. It simply relates to testimony at the hearing.

Nothing in Rule 11 precludes a respondent attorney from preparing for a formal disciplinary hearing through full and fair discovery. It is not "otherwise provided." Therefore, civil discovery procedures are available to a respondent attorney in preparation for a formal hearing. This places disciplinary authorities and a respondent attorney on equal footing and is consistent with the underlying purposes of discovery to clarify issues, eliminate surprise and get at the truth. 4 Moore's Federal Practice ¶ 26.02[1]. These goals are as important in disciplinary proceedings as they are in civil proceedings.

Our holding is consistent with the purpose of disciplinary proceedings to enable us to determine, in the public interest, if an attorney should continue to practice law.

Moreover, our holding recognizes that an attorney, whose privilege to practice law is at stake, is entitled to be informed of the evidence against him and to a full and fair hearing.

The nature of the issue in this case, whether an attorney responding to a formal disciplinary proceeding is entitled to discovery, does not necessitate that we address issues about work product, privileged information, abuse or sanctions. We believe the civil rules provide enough flexibility for the hearing body to resolve any remaining discovery problems.

We hold that N.D.R.D.P. 11 does not preclude an attorney from using civil discovery procedures to prepare for hearing on a formal disciplinary complaint against him.[2]

■ The Disciplinary Board also contends its counsel is not subject to interrogatories or requests for production of documents because its counsel is not a "party" as intended by the rules of civil procedure. The Board analogizes its counsel's obligation in discovery to that of a state's attorney in a criminal prosecution. We are not persuaded by the Disciplinary Board's analogy to criminal discovery because N.D. R.D.P. 21(g) specifically provides that disciplinary proceedings are neither civil nor criminal but are quasi-judicial administrative proceedings. The rules of civil procedure apply "except as otherwise provided." Thus, although not a "party", disciplinary counsel has the same obligation in a formal disciplinary proceeding with respect to discovery as an attorney for a party in a civil proceeding.

We conclude that discovery is available to a respondent attorney in a formal disciplinary proceeding. Accordingly, we direct the Hearing Panel to vacate its order deny-

"3. Take testimony concerning the charges made in the complaint."

**2.** Revised North Dakota Procedural Rules for Lawyer Disability and Discipline are pending for adoption by this court. Rule 3.3 provides:
"C. *Discovery Limited.* For 60 days following the filing of an answer in formal proceedings, both Counsel and lawyer are entitled to reciprocal discovery of all matters not privileged pursuant to the North Dakota Rules of Civil Procedure. Disputes concerning the scope and other aspects of discovery shall be determined by the hearing body before which the matter is pending. All discovery orders by the hearing body are interlocutory and may not be appealed prior to the entry of the final order."

ing discovery and proceed consistent with this opinion.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I concur in the result. The result reached by Justice Meschke for the majority is "in the interest of justice." Other than that general platitude, however, I discern no legal basis for so concluding.

Unless we are to grant the supervisory writ to make up for our ineptness in adopting the North Dakota Rules of Disciplinary Procedure without clarifying the language which is the root of this dispute, I can find no valid distinction between this matter and those considered in *Spence v. North Dakota District Court*, 292 N.W.2d 53 (N.D. 1980), in which we denied the writ because the petitioner had an adequate remedy by review on appeal from an unfavorable final judgment. In those cases in which the writ was granted, as cited in the majority opinion, the rationale for granting the writ was that the required disclosure, if not permitted by the rules, could not be undone on appeal from the judgment. Here, if the petitioner receives an unfavorable recommendation from the Disciplinary Board he, like the parties in those cases in which we denied the writ, would be entitled to raise that matter before this court at the time the recommendation of the Disciplinary Board was considered. Many questions which may be "fundamentally important" can be raised only on appeal.

Furthermore, the answer to this question is *not* fundamentally important for all disciplinary proceedings if, as the majority notes, the revised North Dakota Procedural Rules for Lawyer Disability and Discipline, pending before this court, are adopted, for if they are the question would seem to be answered for the future.

Perhaps the majority is only indicating that when the court has, by its own action, created the problem, it ought to resolve it when requested to do so by the exercise of our supervisory authority. That seems to be reasonable but I shudder when I realize there are statements in opinions issued by this court in the past (and which will be issued in the future) that will create problems of which this court is totally unaware. Such a standard will haunt us in the future for it will open the way for more requests for exercise of our supervisory jurisdiction than this court has the capacity to handle.

Perhaps the only legal rationale for granting the writ is that the writ is discretionary; using that discretion to grant the writ in this case is an aberration; and that we do so because to restrict the use of discovery in this instance if we intend to permit it under the pending rules is unreasonable. Hopefully the exercise of free discovery will result in a better record should this matter come before us on a recommendation from the Disciplinary Board.

I likewise cannot agree with the rationale used by the majority to explain the language of the current rules. The rationale of the majority, as I understand it, is that because the rules do not specifically state that the civil discovery procedures are unavailable, they may be used. But if that is the intent of the language used in Rules 10(i) and 21(f) of the Rules of Disciplinary Procedure, it does not explain why *any* rules, such as Rule 11, governing the discovery process, were necessary if the civil discovery rules were to apply. It is akin to arguing that although Section 1–01–06, N.D.C.C., states that there is no common law in any case where the law is declared by statute, not only must there be a statute which is concerned with the subject but the statute must, in specific words, also *negate* the common law.

The wording of the rules and my understanding of the actual experience with and interpretation of the rules by the Disciplinary Board, as reflected by the record of disciplinary matters previously determined by this court, do not, in my estimation, justify the result reached by the majority. However the disciplinary rules are adopted by this court, the pending rules propose to permit exactly what petitioner here requests, and it serves no useful purpose to

continue what appears to be an inequitable procedure. I therefore concur in the result.