In the Matter of the Application for DISCIPLINARY ACTION AGAINST Edward M. PETERSON, Sr., a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,

v.

Edward M. PETERSON, Sr., Respondent.

Civ. No. 880295.

Supreme Court of North Dakota.

Sept. 26, 1989.

Vivian Elaine Berg (argued), Disciplinary Counsel, Bismarck, for petitioner.

Larivee & Johnson, Grand Forks, for respondent; argued by Alan J. Larivee.

LEVINE, Justice.

This is a disciplinary proceeding brought against Edward M. Peterson, Sr. Following formal proceedings initiated in 1986, a hearing panel of the Disciplinary Board of the Supreme Court recommended that Peterson be publicly reprimanded, suspended from the practice of law for one year, and required to successfully complete the ethics portion of the bar examination before reinstatement.

Peterson contends that he was denied due process and the matter should be remanded for additional evidence and findings of fact. While Peterson does not dis-

pute that the record supports the hearing panel's findings, he asserts six grounds for his argument that he was denied due process: (1) his request for a continuance was denied; (2) Douglas Hart (the complainant) was not present at the hearing; (3) Hart's deposition was admitted into evidence; (4) Peterson was not allowed to present evidence at the hearing; (5) a certain witness was not required to be present at the hearing; and (6) the chairman of the hearing panel ordered a briefing schedule and Peterson's attorney[1] did not file a brief.

■ We review disciplinary proceedings against attorneys *de novo* on the record, with the standard of proof being by clear and convincing evidence, and we accord due weight to the findings, conclusions, and recommendations of the hearing panel. *Matter of Ellis*, 439 N.W.2d 808 (N.D. 1989).

On Friday, April 22, 1988, Peterson's attorney filed a motion for a continuance of the hearing set for Monday, April 25, 1988, on the following grounds:

"1. Medical Reasons.

"2. Time of this counsel budgeted for this matter referred to herein has been entirely used up, and this counsel does have more urgent matters to attend to.

"3. New matter that has arisen since the date the present hearing date was set (as outlined above)."

On April 24, 1988, some members of the hearing panel received an affidavit by Peterson about his medical problems. The panel found the motion tardy and denied it.

The brief filed by Peterson's attorney in support of the motion for a continuance referred to medical problems being experienced by both Peterson and his attorney. As to Peterson's medical problems, the brief stated that "we are not recommending that the panel's activities should interfere with his medical problems, or vice versa." As to medical problems being experienced by Peterson's attorney, the brief presented rather lyrical but, nonetheless, vague and unilluminating references to

such things as discomfort and pain experienced by the attorney in driving long distances or sitting for long periods of time. The brief was singularly unhelpful in imparting to the hearing panel the nature and extent of the attorney's illness. While we now know that Peterson's attorney was seriously ill, that fact was not revealed to the hearing panel.

■ In *Disciplinary Bd. v. Ellis*, 418 N.W.2d 788 (N.D.1988), we concluded that the hearing panel should have granted a request for a continuance "because it was supported by a plausible medical reason why Ellis could not attend the scheduled hearing." Here, however, Peterson's request was not supported with a letter from a physician and was not supported by a plausible medical reason why either Peterson or his attorney could not attend the scheduled hearing. In fact, Peterson did attend and participate at the hearing. The hearing had been rescheduled at the request of Peterson's attorney. The grounds for the motion were known to Peterson and his attorney well before the motion was filed and its eleventh-hour filing was untimely. Peterson told the panel that he came to the hearing "really against the advice of my counsel" and that "I want to get this over with, and that's why I come down here this morning." Peterson thereby waived any objection to the denial of a continuance. We are not persuaded that the hearing panel erred in denying the requested continuance.

■ The complainant, Hart, was not at the hearing. Peterson objected to Hart's absence, arguing that he should be there for Peterson and the hearing panel to confront and observe. Hart's·April 16, 1988, deposition was admitted into evidence. Peterson contends that Hart could have been served with a subpoena at his April 16th deposition and that "by admitting the deposition and not requiring the presence of Hart, Peterson was denied due process."

Rules 10(h) and 21(a), N.D.R.D.P., entitle a respondent to cross-examine witnesses. Rule 21(f), N.D.R.D.P., provides: "Except

1. Peterson's present attorney did not represent him before the hearing panel.

as otherwise provided in these rules, the North Dakota Rules of Civil Procedure apply to disciplinary proceedings." Respondents may use civil discovery procedures in preparation for formal hearings. *Lashkowitz v. Disciplinary Bd.*, 410 N.W.2d 502 (N.D.1987). Rule 11(a), N.D.R.D.P., provides that the hearing body, disciplinary counsel, or the respondent may, "in conformity with Rule 45," N.D.R.Civ.P., "compel by subpoena the attendance of witnesses." Rule 11(d), N.D.R.D.P., provides:

> "With the approval of the hearing body, testimony may be taken by deposition ... if the witness is not subject to service of subpoena or is unable to attend or testify at the hearing because of age, illness or other infirmity...."

The fact that at his April 16th deposition, Hart could have been served with a subpoena to appear at the April 25th hearing is irrelevant. The hearing panel could not "compel" the attendance of Hart, who was a Minnesota resident in the process of moving to California. At Hart's April 16th deposition, Peterson was represented by two attorneys, both of whom cross-examined Hart. At that deposition, Peterson's lead attorney indicated that he contemplated use of Hart's deposition rather than having Hart present at the hearing. Peterson's attorneys cross-examined Hart at his deposition, Hart could not be compelled by subpoena to appear at the hearing, and his deposition was properly admitted. We find no error.

Peterson contends that he was denied due process because his attorney did not appear at the hearing and "Peterson was incapable of presenting and structuring evidence." While Peterson's attorney did not appear at the hearing in Grand Forks, Peterson did, and he told the hearing panel that "I have other counsel available in Grand Forks." Peterson had the opportunity to be represented by counsel at the hearing. There is no indication in the record that "Peterson was incapable of presenting and structuring evidence." Nor are we provided with any legal authority or

argument on what the consequences would be if Peterson were unable to "present" and "structure" evidence. However, Peterson did present evidence in his behalf by testifying and introducing exhibits. The contention is unpersuasive.

■ Peterson contends that he was denied due process by the failure of a witness subpoenaed by disciplinary counsel to appear. Generally, a party asserting deprivation of the right to examine a witness who does not appear may not rely on the fact that the opposing party subpoenaed the witness. *Great Plains Supply Co. v. Erickson*, 398 N.W.2d 732 (N.D.1986). The contention is without merit.

Peterson contends that he was denied due process by his attorney's failure to file a brief. Aside from this bare assertion, he provides no argument and furnishes no authority. We therefore decline to consider it.

We conclude that the hearing panel committed no procedural errors and did not deny Peterson due process.

■ The hearing panel found the following violations of the Code of Professional Responsibility:[2]

"Canon 1, DR 1–102(A)(4)
"(A) A lawyer shall not:
"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
"Canon 5, DR 5–104(A)
"(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.
"Canon 6, DR 6–101(A)(3)
"(A) A lawyer shall not:
"(3) Neglect a legal matter entrusted to him.
"Canon 7, DR 7–101(A)(2)

---

**2.** Peterson's professional and business relationship with Hart began in 1985 and the acts for which the disciplinary proceedings were initi-

ated occurred before the North Dakota Rules of Professional Conduct became effective on January 1, 1988.

"(A) A lawyer shall not intentionally:

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102 and DR 5–105.

"Canon 9, DR 9–102

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

According due weight to the findings, conclusions, and recommendations of the hearing panel, we conclude that there is clear and convincing evidence to support the panel's findings and that its disciplinary recommendation is appropriate. There is clear and convincing evidence that Peterson accepted an advance fee for an action that he never filed on Hart's behalf; that, in addition to representing Hart, Peterson entered into business arrangements with Hart without full disclosure; that he commingled Hart's funds with his own; that he failed to maintain complete records of Hart's funds or properties coming into his possession; and that an undetermined number of valuable coins entrusted to him by Hart are unaccounted for.

Peterson has not disputed the propriety of the discipline recommended by the hearing panel. We agree with the panel's recommendation. We, therefore, order that Peterson be publicly reprimanded, suspended from the practice of law for one year commencing 30 days from the date of this opinion, and required to successfully complete the ethics portion of the bar examination before reinstatement. Pursuant to Rule 21(d), N.D.R.D.P., Peterson is ordered to pay the expenses of the disciplinary proceedings in an amount certified by the Disciplinary Board. We direct compliance with Rule 6.3 of the Procedural Rules for Lawyer Disability and Discipline. *See Matter of Ellis, supra*, 439 N.W.2d at 812 n. 3.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, dissenting.

In *Disciplinary Bd. v. Ellis*, 418 N.W.2d 788 (N.D.1988), we concluded that the hearing panel should have granted a request for a continuance because it was supported by a plausible medical reason that Ellis could not attend the scheduled hearing. Although not supported by a letter from a physician, the record in this case reflects at least as plausible a reason that Peterson's counsel could not attend the hearing. It reflects that as a result of the previous deposition disciplinary counsel was aware of the nature, if not the seriousness, of the illness of Peterson's counsel. I therefore do not agree with the majority opinion that Peterson's request "was not supported by

a plausible medical reason" that Peterson's counsel could not attend the scheduled hearing. Unless a procedure is adopted whereby continuances for medical reasons will be granted only upon the certificate of a physician, a procedure I do not understand to have been adopted by the Disciplinary Board to date, I believe the request of Peterson's counsel for a continuance due to counsel's illness should have been granted.

I recognize that Peterson was present in person at the hearing. However, he informed the panel that he was there against the advice of his counsel, and the short duration of the hearing and my review of the transcript of the hearing reveal that Peterson, despite his statement that he wanted "to get it over with" was ill prepared to conduct his defense before the panel.

Attorneys, no less than other persons, are entitled to due process. *Ellis, supra. Cf. In re Eaton,* 60 N.D. 580, 235 N.W. 587 (1931) [disbarment procedure highly criminal in its nature and respondent has a right to be apprised of the specific charges made against him and to limit investigation to charges so made]. I do not believe Peterson received due process in this instance. The request for a continuance was not frivolous. Peterson's attorney was seriously ill at the time of the hearing and as a result of that illness is now deceased. I would remand to the Disciplinary Board so that Peterson may have a hearing at which, represented by counsel, he may relate his side of the story. Due process requires no less.